IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2304-FL

| | | |
|---|---|---|
| ROMAN DALACIO PERDONO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FELIX TAYLOR AND | ) | |
| ROBERT C. LEWIS, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter came before the court on the motion to dismiss (DE 9) pursuant to Federal Rule of Civil Procedure 12(b)(6) of respondent Felix Taylor ("respondent'). The issues raised were fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion to dismiss.

**STATEMENT OF CASE**

On May 23, 2003, petitioner pleaded guilty, in the Wake County Superior Court, to two counts of first-degree rape, first-degree burglary, and robbery with a dangerous weapon. Pet. Attach. 1, pp. 25-38. The superior court judge consolidated one rape conviction with the first-degree burglary conviction; consolidated the other rape conviction with the armed robbery conviction; and sentenced petitioner to two consecutive terms of four hundred twenty (420) to five hundred thirteen (513) months imprisonment. Id. pp. 35-38. Petitioner did not file a direct appeal.

On November 15, 2004, petitioner petitioned the North Carolina Court of Appeals for certiorari review of his guilty plea and sentencing. Id. pp. 87-89. The court of appeals allowed petitioner's petition, but limited appellate review to those issues that could have been raised on direct appeal pursuant to N.C. Gen. Stat. § 15A-1444(a)(1). Id. On April 17, 2007, the court of appeals entered an order affirming petitioner's sentence in part, but reversed and remanded the case to superior court for re-sentencing on petitioner's rape conviction pertaining to the victim identified as S.J. Id. Specifically, the court of appeals determined that it was reversible error for the sentencing court to aggravate petitioner's sentence for the rape of S.J. by finding that petitioner acted with another, as that was the same evidence that allowed the court to accept the plea of guilty in the first place. Id. p. 96. On May 22, 2007, petitioner petitioned the North Carolina Supreme Court for discretionary review of the court of appeals' order, which the supreme court denied on October 11, 2007. Id. p. 126.

On December 3, 2007, the superior court, acting on remand, re-sentenced petitioner for his consolidated rape and armed robbery convictions to a term of three hundred thirty-six (336) to four hundred thirteen (413) months imprisonment. Pet. Attach. 1, pp. 132-33. Petitioner did not appeal his new sentence for the applicable conviction.

On October 6, 2008, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Wake County Superior Court. Id. Attach. 2, pp. 1-18. The superior court denied petitioner's MAR on May 1, 2009. Id. p. 19. Petitioner, on May 6, 2011, filed a second MAR and request for DNA testing in the superior court.[1] Id. pp. 21-34. The superior court denied petitioner's second MAR

---

[1] Petitioner does not include a copy of his May 6, 2011, request for DNA testing.

on May 26, 2011.  Id. p. 35.  On June 20, 2011, petitioner filed a motion for reconsideration in the superior court, which was denied on September 15, 2011.  Id. pp. 46-47.

On June 20, 2011, petitioner filed a second motion for post-conviction DNA testing, which the superior court denied on September 16, 2011.  Id. pp. 48-49.  On November 3, 2011, petitioner filed a third MAR in the superior court, which was denied on January 13, 2012.  Id. pp. 67-68.

On November 21, 2011, petitioner filed a petition for a writ of certiorari with the court of appeals seeking review of the superior court's denial of his second MAR and his motions for DNA testing.  Id. p. 66   The court of appeals denied petitioner's certiorari petition on December 8, 2011. Id.  On January 9, 2012, petitioner petitioned the supreme court for certiorari review, which the supreme court dismissed on March 8, 2012.  Id. p. 79.

On November 29, 2012,[2] petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his petition, petitioner alleges the following:  (1) his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution were violated pursuant to the United States Supreme Court's ruling in Blakely v. Washington, 542 U.S. 296 (2004);[3] (2) his due process rights were violated because the trial court imposed

---

[2] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated November 29, 2012, but filed on December 4, 2012, to be filed on November 29, 2012.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

[3] Although it is not clear from petitioner's pleadings, it appears petitioner may be attempting to bring a claim pursuant to the United States Supreme Court's recent ruling in Alleyne v. United States, 133 S.Ct. 2151 (2013).  However, to the extent petitioner relies upon Alleyne in this action, that reliance is misplaced because Alleyne is not retroactively applicable to cases on collateral review.  See Simpson v. United States, 721 F.3d 875, 876 (7th Cir.2013) ("Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Justices have decided that other rules based on Apprendi do not apply retroactively to cases on collateral review."); see e.g., Willoughby v. United States, Nos. 3:13–cv–493–FDW & 3:99–cr–24–FDW–6, 2013 WL

3

consecutive sentences; (3) his due process rights were violated because his guilty plea was involuntary, unknowing, and unintelligent; and (4) he received ineffective assistance of counsel. Respondent subsequently filed a motion to dismiss, arguing that petitioner's claims are time-barred, to which petitioner responded.

**DISCUSSION**

A.   Motion to Dismiss

   1.   Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

---

5220774, at *2 (W.D.N.C. Sept.17, 2013) (stating that "courts that have considered the retroactive nature of Alleyne have concluded that it is not").

2. Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

In the case at hand, the North Carolina Supreme Court denied discretionary review for petitioner's original judgment on October 11, 2007. Petitioner, thereafter, had ninety (90) days within which to file a petition for writ of certiorari in the United States Supreme Court. See Sup. Ct. R. 13(1); Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.") (internal citations omitted). Petitioner did not file a certiorari petition within this time period. Thus, his conviction became final on January 9, 2008.[4] As a result,

---

[4] The court notes that petitioner was re-sentenced by the superior court on December 3, 2007, and had fourteen (14) days thereafter to file an appeal. N.C.R. of App. P. 4(a). Petitioner did not file an appeal. Therefore, petitioner's judgment with respect to his re-sentencing became final on December 17, 2007. Because petitioner's original judgment became final, for statute of limitations purposes, later than this judgment after re-sentencing, the court uses the original judgment for its statute of limitations analysis.

5

petitioner's one-year statutory period began to run on January 9, 2008, and ran for two hundred seventy-one (271) days until petitioner filed his MAR on October 6, 2008.

Petitioner's one-year period remained tolled pursuant to § 2244(d)(2) until the superior court denied petitioner's first MAR on May 1, 2009. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Petitioner's statutory period then resumed on May 1, 2009,[5] and expired ninety-four (94) days later on August 3, 2009.

Petitioner's subsequent rounds of post-conviction proceedings, beginning with his second MAR filed on May 6, 2011, did not operate to toll the running of the statutory period because, as stated, under § 2244(d)(1) the statutory period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). Tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C.

---

[5] Courts in this district have not permitted a petitioner tolling for filing a petition for a writ of certiorari where the petitioner has not filed such a petition after the denial of his MAR. See, Gooch v. Keller, No. 5:10-HC-2164-FL, 2011 WL 2746462, *4 (E.D.N.C. July 13, 2011), appeal dismissed, No. 11-6985, 2011 WL 5866879 (4th Cir. 2011). Petitioner did not file a petition for a writ of certiorari following the denial of his May 1, 2009, MAR. The Middle District of North Carolina, however, permits a petitioner tolling credit for thirty (30) days in which he could have sought appellate review of his first MAR. See Gladney v. Hall, No. 1:12CV3, 2013 WL 6633718, at * 6 (M.D.N.C. Dec. 17, 2013) ("Petitioner shall receive tolling credit for the default 30-day period in which he could have sought appellate review of the denial of his first MAR."). Even providing petitioner the benefit of the additional thirty (30) days tolling, petitioner's statutory period would resume on June 1, 2009, and expired ninety-four (94) days later on September 3, 2009.

Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271, 2006 WL 3407741 (4th Cir. 2006). Thus, the statute of limitations expired on August 3, 2009, and petitioner's November 29, 2012, § 2254 petition is time-barred.

As a defense to the running of the statute of limitations, petitioner contends that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner claims he is entitled to equitable tolling due to his *pro se* status and because he was not aware of several laws regarding § 2254 proceedings, including the one year statutory deadline. However, legal inexperience is not a justification for equitable tolling. See Unites States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); Cross-Bey v. Gammon, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented

7

prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (internal quotations omitted). Accordingly, petitioner has not established the extraordinary circumstances necessary for equitable tolling, and is not entitled to equitable tolling on this ground.

Petitioner also contends that he is entitled to equitable tolling because he is unable to speak English. Language difficulties do not justify equitable tolling where the post-conviction record demonstrates a history of complex and lucid filings. See Sosa, 364 F.3d at 513 (citing Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002)); Baltazar v. Warden, Ridgeland Corr. Inst., No. 6:06-2726-CMC-WMC, 2007 WL 2156594, at *6 (D.S.C. July 24, 2007) (stating that equitable tolling is not warranted where the petitioner has been able to file English language documents with the court despite his language impediments); Furr v. Robinson, No. Civ. A. 3:99CV666, 2000 WL 152147, at *2 (E.D. Va. Jan. 13, 2000) (finding no extraordinary circumstances justifying equitable tolling exist where petitioner does not speak English language).

In this case, petitioner has not provided any details explaining how his difficulties with the English language prevented him from complying with post-conviction deadlines. Instead, the record reflects that petitioner has made several complex and coherent post-conviction filings despite his alleged difficulties with the English language. Accordingly, this court finds that petitioner has not demonstrated that "extraordinary circumstances" beyond his control prevented him from complying with the statutory time limit. See Rouse, 339 F.3d at 246. Accordingly, petitioner is not entitled to equitable tolling on this ground.

Petitioner additionally asserts that he is entitled to equitable tolling pursuant to the United States Supreme Court's ruling in Martinez v. Ryan, 132 S.Ct. 1309 (2013). However, the Court's

8

decision in Martinez has not been made retroactively applicable to cases on collateral review. See Patterson v. Stevenson, No. 5:12-1373, 2013 WL 4736467, at *10 (D.S.C. Sept. 3, 2013), appeal dismissed, 2014 WL 280255 (4th Cir. Jan. 27, 2014); Morrill v. Clarke, No. 2:12cv681, 2013 WL 6913274, at *4, n.3 (E.D. Va. Dec. 30, 2013) (citation omitted). Thus, petitioner is not entitled to equitable tolling on this ground.

Finally, petitioner asserts that he is entitled to equitable tolling because the trial court judge was censured, suspended, and ultimately forced to resign on January 31, 2005, due to alleged professional misconduct. A petitioner seeking equitable tolling must demonstrate that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstances prevented timely filing. Holland v. Florida, 560 U.S. 631, (2010). Petitioner has not met his burden with respect to this tolling claim. Particularly, petitioner has not explained why he was unable to timely assert this claim. Nor has petitioner explained how the alleged misconduct impacted his case. Accordingly, petitioner has not demonstrated that "extraordinary circumstances" beyond his control prevented him from complying with the statutory time limit, and is not entitled to equitable tolling on this ground.

In addition to his equitable tolling claims, petitioner asserts that he is actually innocent of the rape of the victim identified as S.J. Recently, the Supreme Court recognized in McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to AEDPA's time limitations. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995); see McQuiggin, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

9

evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Further, "claims of actual innocence are rarely successful," Schlup, 513 U.S. at 324, and "should not be granted casually." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998).

Here, petitioner asserts that he has "undisputable evidence that he did not rape S.J." because forensic evidence taken from the victim does not match petitioner. Pet'r's Resp. p. 1. However, the alleged forensic evidence is not new or exculpatory. Rather, the record reflects, and plaintiff concedes, that it was known at the time petitioner pleaded guilty that the DNA evidence recovered from the victim S.J. matched another assailant and not petitioner. Id.; Resp't's Mem. Attach. p. 88. The record further reflects that the factual basis for petitioner's guilty plea of first-degree rape of S.J. was through a theory of aiding and abetting or acting in concert with the perpetrator. Resp't's Mem. Attach. p. 97. Moreover, petitioner has not set forth any new evidence establishing his actual innocence for the claim of first-degree rape of S.J. Rather, petitioner merely sets forth conclusory allegations to support his actual innocence claim, which are insufficient to excuse his procedural default. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle habeas petitioner to an evidentiary hearing."), overruled on other grounds by, Gray v. Netherland, 518 U.S. 152, 165-66 (1996); see, e.g., Turner v. Director, Virginia Dept. of Corrections, No. 1:13cv998, 2013 WL 6506179, at *3 (E.D. Va. Dec. 6, 2013).

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to

10

dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

11

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 8) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 25th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

12

Case 5:12-hc-02304-FL   Document 12   Filed 02/25/14   Page 12 of 12